BRONSON LAW OFFICES, P.C.
H. Bruce Bronson
*Proposed Counsel for the Debtor*
*and Debtor-in-Possession*
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:                                                                 Chapter 11

HIGHPOINT ASSOCIATES XV, LLC,
                                                                       Case No.:23-10805 (MEW)
                               Debtor.
------------------------------------------------------x

**<u>DEBTOR'S DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2</u>**

STATE OF CALIFORNIA                )
                                                      ) ss.:
COUNTY OF LOS ANGELES       )

I, Dan Shalom, declare under penalty of perjury as follows:

1. I am the President of Keystone Management, Inc., the Manager ("**Manager**") of Highpoint Associates XV, LLC (the "**Debtor**"), which owns sixteen (16) co-op units in the building located at 315 E. 56th Street, New York, NY 10022 (the "**Units**"). The Debtor was formed at the end of 1999. The Manager of Debtor is Keystone Management, Inc. ("**Keystone**") The Debtor owes maintenance and assessment payments ("**M&A**") to 315 E.56th Street Owners Corp., New York, NY 10022 ("**Co-op Board**"), claimed by Co-op Board to be approximately $736,963.

2. I submit this Declaration in accordance with Local Bankruptcy Rule 1007-2, on behalf of the Debtor in connection with its Petition, exhibits and schedules, for the purpose of

apprising the Court and parties in interest of the circumstances that compelled the commencement of this chapter 11 case and in support of (i) Debtor's chapter 11 petition filed May 21, 2023 (the "**Petition**"), and (ii) the motions and applications that the Debtor has filed, or will be filing, with the Court.

3. The Debtor has not previously filed a Chapter 11 Petition.

4. I have reviewed the Debtor's Petition, schedules, exhibits and all documents filed in connection therewith and I am familiar with the facts alleged and any relief requested therein.

5. All facts set forth in this Declaration are based upon my:(i) personal knowledge; (ii) review of relevant documents; and (iii) opinion based upon my experience and knowledge with respect to the Debtor's operations and financial condition. All financial information submitted with this Declaration is on an estimated and unaudited basis, unless otherwise indicated.

## BACKGROUND OF THE DEBTOR AND ITS BUSINESS

**a. Debtor's business and circumstances leading to the Debtor's filing. LR 1007-2(a)(1)**

6. The Debtor was formed as a New York limited liability company on December 28, 1999, for the purpose of owning real estate.

7. Debtor had difficulty collecting rents from the Units for the last several years, due to COVID and other situations that arose related to the building.

8. The estimated value of the Units is many times the amount owed to the Co-op Board.

## DEBTOR'S DEBT, CAPITAL STRUCTURE AND MANAGEMENT

9. Debtor is owned primarily by Highpoint Associates IV, LLC.

10. There are no secured creditors other than the Co-op Board and few unsecured creditors.

## OBJECTIVES OF THE CHAPTER 11 CASE.

11. The Debtor has filed this bankruptcy proceeding to stop a sale of the Units so that it can formulate a plan of reorganization that would pay the Co-op Board the amount that it is legitimately owed after resolution of Debtor's dispute with the Co-op Board over the amounts charged.

**b. LR 1007-2(a)(2)**

12. This case was not originally commenced under Chapter 7 or 13 of the Bankruptcy Code.

**c. Committees Organized Prior to Filing. LR 1007-2(a)(3)**

13. No formal or informal committees of creditors or other interest holders have been organized to date.

**d. Holders of 20 Largest Unsecured Claims. LR 1007-(2)(a)(4)**

14. The names and addresses of the twenty (20) largest unsecured creditors excluding (i) those creditors who or which would not be entitled to vote at a creditors' meeting under 11 USC Section 702; (ii) such creditors who were employees of the Debtor at the time of the filing of its petition for reorganization; and (iii) creditors who are insiders as that term is defined in 11 USC Section 101(31) are annexed hereto as **Exhibit "A"**.

**e. Holders of the five largest Secured Claims. LR 1007-(2)(a)(5).**

15. A list of the names and addresses of the five largest secured creditors is annexed hereto as **Exhibit "B"**.

**f. Schedule of Assets and Liabilities. LR 1007-(2)(a)(6).**

16. As required by Local Bankruptcy Rule 1007-2(a)(6), unaudited schedules of the Debtor's assets and liabilities are annexed hereto as **Exhibit "C"**

**g. Publicly-Held Securities. LR 1007-(2)(a)(7).**

17. No shares of stock, debentures, or other securities of the Debtor are publicly held.

**h. Debtor's Premises. LR 1007-(2)(a)(9).**

18. The Units are located at 315 E. 56th Street, New York, NY.

**i. Location of Debtors' Assets and Books and Records. LR 1007-(2) (a)(10).**

19. The Debtor's books and records are located at: 15233 Ventura Blvd., Ste 500, Sherman Oaks, CA, 91403.

**j. Threatened or Pending Actions against Debtor. LR 1007-(2)(a)(11).**

20. The following actions or proceedings are pending or threatened:

As of the date of this Declaration, the only pending litigation matter is with the Co-op Board.

**k. Debtor's Senior Management. LR 1007-(2)(a)(12).**

21. The Debtor is managed by Keystone Management, Inc.

**l. Additional Information if Business is to Continue.  LR 1007-(2)(b)(1) and (2).**

22. The Debtor needs to collect rents from the Units and make payments to the Co-op Board for the maintenance amounts each month. The Debtor needs to negotiate a settlement with the Co-op Board for the legitimate amount of the arrears that are owed or formulate a plan of reorganization that pays the arrears over time.

**m. Estimated Schedule of cash receipts and disbursements for 30 days. LR 1007-(2) (b) (3).**

23. The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition is annexed hereto as **Exhibit "D"**.

**Dated: Sherman Oaks, CA**
**May 31, 2023**                                         _____
                                                         **Dan Shalom**

# EXHIBIT A

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

| | |
|---|---|
| Harwood Reiff<br>355 Lexington Ave., Rm 401<br>New York, NY 10017 | $5,000 |

# EXHIBIT B

## FIVE LARGEST SECURED CREDITORS

| Creditor | Amount |
|---|---|
| 315 E 56th Street Owners Corp.<br>315 E 56th Street<br>New York, NY 10022-3730 | $736,963 (disputed) |

# EXHIBIT C

### Assets and Liabilities

**Assets**

| | |
|---|---|
| Co-op Units: | $8,000,000 |
| 1A, 3A, 5A, 3B, 5B, 6B, | (estimate of Debtor) |
| 4C, 6C, 6D, 4E, 5F, 2G, | |
| 3G, 4G, 5H and 6J | |
| | |
| Rents Receivable | To Be Provided |
| | |
| Total Assets: | $8,000,000 |

**Liabilities**

| | |
|---|---|
| Co-op Board | $736,963 |
| | |
| Unsecured Creditors | $5,000 |
| | |
| Total Liabilities: | $841,963 |

# EXHIBIT D

## SCHEDULE OF ANTICIPATED CASH RECEIPTS AND DISBURSEMENTS FOR THE THIRTY DAY PERIOD FOLLOWING FILING OF THE CHAPTER 11 PETITION

May 21 through June 20

**Income:**

| | |
|---|---|
| Receipts from rent | To Be Provided |

**Expenses:**

| | |
|---|---|
| Co-Op Board | To Be Provided |