BORAH, GOLDSTEIN, ALTSCHULER,  
NAHINS & GOIDEL P.C.  
Jeffrey C. Chancas, Esq.  
377 Broadway, 6th Floor  
New York, New York 10013  
(212) 965-2663  
jchancas@borahgoldstein.com  
Counsel to *315 East 56th Owners Corp.*

Motion Date: August 22, 2023  
Time: 10:00 A.M.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------X   Chapter -11

In Re

Case No. 23-10805 (MEW)

HIGHPOINT ASSOCIATES XV, LLC,

   Debtor.  
------------------------------------------------------------X

## NOTICE OF MOTION FOR AN ORDER, *INTER ALIA*, PURSUANT TO 11 U.S.C. SECTION 362 TO VACATE AUTOMATIC STAY AND FOR PAYMENT OF USE AND OCCUPANCY

PLEASE TAKE NOTICE, that upon the annexed application of 315 East 56th Owners Corp., dated the 7th day of August 2023, a hearing will be conducted telephonically through www.court-solutions.com in accordance with this Court's General Order M-543, dated March 20, 2020, before the Honorable Michael E. Wiles, United States Bankruptcy Judge, of the United States Bankruptcy Court, Southern District of New York, on the 22nd day of August 2023, at 10:00 o'clock in the forenoon of that day, or as soon thereafter as counsel may be heard (with information on how to register with Court Solutions and access General Order M-543 to be found on the Court's website, www.nysb.uscourts.gov/content/judge

-michael-e-wiles, under the heading Chambers' Rules, subheading Telephonic Appearances), as follows:

(1) Pursuant to 11 U.S.C. Section 362(d) (1) & (2), vacating and terminating the automatic stay for cause, thereby permitting the subject landlord to enforce its rights in, and remedies in and to, the subject premises by selling at auction the shares allocated to the sixteen (16) apartments held by Debtor and the appurtenant Proprietary Leases, pursuant to the Legal Notice of Sale, dated April 24, 2023, a copy of which is annexed to this Motion as **Exhibit A,** and incorporated in this Motion as though fully set forth herein; or

(2) Pursuant to 11 U.S.C. Section 362(d) (1) & (2), vacating and terminating the automatic stay for cause, thereby permitting the subject landlord to enforce its rights in, and remedies in and to, the subject premises by selling at auction the shares allocated to the currently unoccupied apartments held by Debtor and the appurtenant Proprietary Leases, pursuant to the Legal Notice of Sale, dated April 24, 2023, a copy of which is annexed to this Motion as **Exhibit A,** and incorporated in this Motion as though fully set forth herein; and

(3) Pursuant to 11 U.S.C. Section 362(e), consolidating the preliminary and final hearing;

(4) Pursuant to 11 U.S.C. Section 363(e) and/or Section 365(d)(3), directing debtor to pay immediately to the landlord all post-petition use and occupancy charges that have accrued since May 21, 2023, and to pay landlord use and occupancy on a monthly basis on the first day of each month, pending a final determination of the relief requested herein;

(5) In the event, *arguendo*, that the Court determines that there remains any leasehold interests in the subject premises, then pursuant to 11 U.S.C. 365(d), directing the debtor either to assume or reject the leases for the subject premises, and, if rejected, compelling debtor to vacate the premises in the condition required under the lease, or, if assumed, compelling the debtor promptly to pay all past due pre-petition rent and additional charges and post-petition use and occupancy;

(6) If the Court grants the relief requested herein by modifying the automatic stay, then pursuant to FRBP

-2-

4001(a)(3), waiving the fourteen (14) day stay of an Order granting a motion for relief from an automatic stay made in accordance with FRBP 4001(a)(1);

(7) Awarding landlord its reasonable attorneys' fees together with the costs and disbursements of this motion; and

(8) Granting landlord such other and further relief as this Court may deem just, proper and equitable under the circumstances.

**PLEASE TAKE FURTHER NOTICE**, that, pursuant to this Court's July 27, 2023, Scheduling Order [Doc. #24], answering papers, if any, must be e-filed with the Bankruptcy Court by August 16, 2023.

Dated:  New York, New York
        August 7, 2023

        Yours, etc.

        BORAH, GOLDSTEIN, ALTSCHULER,
        NAHINS & GOIDEL, P.C.
        *Attorneys for 315 East 56th Owners Corp.*

      By: ___/s/ *Jeffrey C. Chancas*___
        JEFFREY C. CHANCAS
        377 Broadway
        New York, New York 10013
        (212) 431-1300

TO:
 TO: HIGHPOINT ASSOCIATES XV, LLC
   *Debtor*
   15233 Ventura Blvd
   St. 500
   Sherman Oaks, California 91403-2231

   BRONSON LAW OFFICES, P.C.
   *Attorneys for Debtor*
   480 Mamaroneck Avenue
   Harrison, New York 10528-0023
   Attn: H. Bruce Bronson, Jr., Esq.
   (877) 385-7793

UNITED STATES TRUSTEE
Office of the United States Trustee-NY
Alexander Hamilton Customs House
One Bowling Green, Suite 511
New York, New York 10014-1408
Attn: Annie Wells, Esq.
(212) 510-0500

HARWOOD REIFF
355 Lexington Avenue- Room 401
New York, New York 10017-6600

INTERNAL REVENUE SERVICE
P.O. Box 7346
Philadelphia, PA  19101-7346

BORAH, GOLDSTEIN, ALTSCHULER,
NAHINS & GOIDEL P.C.
Jeffrey C. Chancas, Esq.
377 Broadway, 6th Floor
New York, New York 10013
(212) 965-2663
jchancas@borahgoldstein.com
Counsel to *315 East 56th Owners Corp.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK (MANHATTAN)
-----------------------------------------------------------------X

In re:                                                              Chapter 11

    HIGHPOINT ASSOCIATES XV, LLC,                  Case No. 23-10805 (MEW)

               Debtor.
-----------------------------------------------------------------X

## APPLICATION IN SUPPORT OF
## MOTION, *INTER ALIA*, TO VACATE THE STAY

TO:   HONORABLE MICHAEL E. WILES
        UNITED STATES BANKRUPTCY JUDGE

      The application of 315 East 56th Owner Corp., the co-op corporation owner and landlord ("Landlord") of real property known as 315 East 56th Street, New York, New York, 10022, (the "Building"), respectfully alleges, by its attorneys, Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., as follows:

      1.   On May 21, 2023, Debtor filed a Petition under Chapter 11, Title 11 of the United States Bankruptcy Code.

      2.   As has been discussed at the various Court conferences in this case, Debtor was the holder of shares of the Capital Stock and the Proprietary Lessee of sixteen (16) apartments (the "Leases") in the Building, to wit, apartments 1A, 3A, 5A, 3B, 5B, 6B, 4C, 6C, 6D, 4E, 5F, 2G, 3G, 4G, 5H and 6J (collectively the "Apartments").

3. By virtue of defaults in the payment of cooperative apartment maintenance and assessments under the Leases, Notices to Cure, dated January 26, 2023, were served on Debtor for all the Apartments advising of the respective payment defaults.

4. When Debtor failed to cure the defaults, Notices of Termination were served advising that as a result of the failure to cure the defaults, on March 27, 2023, the Proprietary Leases for the Apartments "shall expire fully and completely as if it were the date therein definitely fixed for the expiration of the term, and all your rights, title and interest thereunder shall wholly cease and expire. …" (Copies of the Notice of Termination, without the attachments referred to in the Notices, are annexed collectively hereto as **Exhibit B.**)

5. Consequently, all the Proprietary Leases were terminated and the Debtor's Capital Stock for the Apartments was canceled prior to the commencement of this bankruptcy case.

6. Thus, Debtor no longer has assumable leasehold interests in the Apartments and no longer holds shares in the Landlord co-op corporation.

7. One day prior to the scheduled auction sale of the Leases and the shares (see Exhibit A) the Debtor filed this bankruptcy case.

8. Even if, *arguendo,* this Court determines that Debtor has assumable leasehold interests in the Apartments and equity in the shares, the Court should grant stay relief to permit Landlord to auction all of the shares of Capital Stock and the attendant Proprietary Leases, or at least those relating to the unoccupied Apartments.

9. Debtor has acknowledged that, other than the $30,000.00 payment made per this Court's July 7, 2023, Order [Doc. #21], no other post-petition payments have been made, nor does Debtor intend and/or have the financial resources to make those payments.

2

10. In accordance with the Court's Order of July 7, 2023 [Doc. #21], on July 17 and 18, 2023, Landlord's counsel e-mailed the balance of post-petition payments owed (with and without taking into account the loan assessment) through July 2023. (Copies of these e-mails are annexed collectively hereto as **Exhibit C**.)

11. Debtor did not even pay the lower amount of $43,460.70.

12. There is now due and owing for August 2023, an additional amount for just maintenance, let alone the regular assessment, of $28,009.54. (A copy of the Building's Managing Agent's Ledger for all the Apartments is annexed hereto as **Exhibit D**.)

13. This ledger shows that there is now a total amount owed for pre-petition and post-petition maintenance and assessments in the amount of $784,233.42.

14. At the creditor's meeting, Debtor's principal stated that he does not intend to sell any of the Apartments.

15. These payments defaults combined with Debtor's unwillingness to sell the Apartments are creating a tremendous hardship for the shareholders of the co-op.

16. Landlord has had to borrow from all the shareholders to pay basic expenses, including for property taxes, the Building's mortgage interest and maintenance.

17. As of November 1, 2023, the principal on the mortgagee-bank's loan is due in the amount of over $1.3 million; with all this debt it will be extremely hard for Landlord to refinance the loan, since Webster Bank refuses to do so. (A copy of Webster Bank's July 2023 statement is annexed hereto as **Exhibit E**.)

18. Furthermore, as of October 1, 2023, the Landlord has to pay real estate tax of about $133,000.00. (A copy of the NYC Department of Finance's invoice is annexed hereto as **Exhibit F**.)

3

19. Annexed hereto as **Exhibit G** is information from the Managing Agent regarding recent sales (on the top of the Exhibit) and the approximate value of the Debtor's Apartments (the bottom of the Exhibit); the recent purchasers bought in good faith and may lose their investments, or be burdened with huge assessments.

20. Even a sale of he four or five unoccupied Apartments would yield about two million dollars and relieve the Landlord's financial burden.

21. 11 U.S.C. § 362(d)(1) permits the Court to vacate the automatic stay "for cause."

22. Since neither the Code nor the legislative history defines the phrase "for cause," it is a broad and flexible concept that is given application on a case-by-case basis. In re *Sonnax Industries, Inc.* 907 F.2d 1280, 1285-86 (2d Cir. 1990); *Osuji v. Deutsche Bank, N.A.* 589 B.R. 502, 508 (E.D.N.Y. 2018).

23. At this point all the prejudice is to the Landlord.

24. This is not a case in which the Debtor is reorganizing an active business; the Debtor is merely an investor in assets.

25. Sale of some or all of the shares to the Apartments would produce sufficient income to benefit Debtor and Landlord, since Debtor can invest the profits in another asset and Landlord can become financially stable.

26. For these reasons, this Court vacate the stay to permit the auction sale to proceed.

27. Since any appeal of an order vacating the stay herein would be frivolous, pursuant to FRBP 4001(a)(3), the Court should waive the fourteen (14) day stay of an Order granting a motion for relief from an automatic stay made in accordance with FRBP 4001(a)(1).

4

28. Finally, since there are no novel or unique issues of law presented by this motion, it is respectfully requested that the Court waive the filing of a memorandum of law.

**WHEREFORE**, Movant requests that the Court enter an Order:

(1) Pursuant to 11 U.S.C. Section 362(d) (1) & (2), vacating and terminating the automatic stay for cause, thereby permitting the Landlord to enforce its rights in, and remedies in and to, the Apartments by selling at auction the shares allocated to the sixteen (16) Apartments held by Debtor and the appurtenant Proprietary Leases, pursuant to the Legal Notice of Sale, dated April 24, 2023, a copy of which is annexed to this Motion as **Exhibit A,** and incorporated in this Motion as though fully set forth herein; or

(2) Pursuant to 11 U.S.C. Section 362(d) (1) & (2), vacating and terminating the automatic stay for cause, thereby permitting the Landlord to enforce its rights in, and remedies in and to, the Apartments by selling at auction the shares allocated to the currently unoccupied Apartments held by Debtor and the appurtenant Proprietary Leases, pursuant to the Legal Notice of Sale, dated April 24, 2023, a copy of which is annexed to this Motion as **Exhibit A,** and incorporated in this Motion as though fully set forth herein; and

(3) Pursuant to 11 U.S.C. Section 362(e), consolidating the preliminary and final hearing;

(4) Pursuant to 11 U.S.C. Section 363(e) and/or Section 365(d)(3), directing Debtor to pay immediately to the Landlord all post-petition use and occupancy charges that have accrued since May 21, 2023, and to pay Landlord use and occupancy on a monthly basis on the first day of each month, pending a final determination of the relief requested herein;

(5) In the event, *arguendo*, that the Court determines that there remains any leasehold interest in the Apartments, then pursuant to 11 U.S.C. 365(d), directing the Debtor either to assume or reject the leases for the Apartment, and, if rejected, compelling Debtor to vacate the Apartments in the condition required under the Leases, or, if assumed, compelling the Debtor promptly to pay all past due pre-

5

  petition rent and additional charges and post-petition use and occupancy;

(6) If the Court grants the relief requested herein by modifying the automatic stay, then pursuant to FRBP 4001(a)(3), waiving the fourteen (14) day stay of an Order granting a motion for relief from an automatic stay made in accordance with FRBP 4001(a)(1);

(7) Awarding Landlord its reasonable attorneys' fees together with the costs and disbursements of this motion; and

(8) Granting Landlord such other and further relief as this Court may deem just, proper and equitable under the circumstances.

Dated: New York, New York
   August 7, 2023

              Yours, etc.,

              BORAH, GOLDSTEIN, ALTSCHULER
              NAHINS & GOIDEL, P.C.
              Attorneys for *315 East 56th Owners Corp.*

            By: */s/ Jeffrey C. Chancas*
              JEFFREY C. CHANCAS
              377 Broadway
              New York, New York 10013
              (212) 431-1300 x611