BRONSON LAW OFFICES PC
*Proposed Counsel for the Debtor*
480 Mamaroneck Avenue
Harrison, NY 10528
914-269-2530
H. Bruce Bronson, Esq.
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

HIGHPOINT ASSOCIATES XV, LLC,

                              Debtor.

----------------------------------------------------------x

Case No. 23-10805 (MEW)

Chapter 11

## OBJECTION TO MOTION FOR AN ORDER *INTER ALIA* PURSUANT TO 11 U.S.C.§ 362 TO VACATE THE AUTOMATIC STAY AND FOR PAYMENT OF USE AND OCCUPANCY

Highpoint Associates XV, LLC (the "Debtor"), by its counsel, Bronson Law Offices, P.C., submits this objection (the "Objection") to the Motion of 315 East 56th Owner Corp., the co-op corporation owner (the "Movant")[1] *Inter Alia* to Vacate the Stay (ECF No. 28), respectfully states and alleges as follows:

### RELEVANT BACKGROUND

1. This case was filed on an emergency basis on May 21, 2023, due to imminent foreclosure sale by the Movant of the Debtor's property consisting of 16 co-op units.

2. Movant was seeking to foreclose pursuant to UCC liens for the payment of maintenance and assessments which it states in the Motion to be in the total amount of $784,233.42.

---

[1] The Movant's motion refers to the Movant as "Landlord" which is not an entirely accurate description as the Debtor owns the stock in the 16 Co-Op Units that make up the Property that is the security for the Movant's debt as owner of the corporation.

3. The Debtor estimates the value of the apartments to be $8,000,000.00.

4. In the time since the filing of the case the Debtor has made efforts to collect rents from these units to make its post-petition payments to the Movant.

5. On or around July 7, 2023, the Debtor made payment to Movant of $30,000 towards the post-petition lease payments due.

6. For the month of August, the Debtor has already collected a total of $61,584.50 of rents and security deposits and will make further payment of post-petition amounts due to Movant.

7. The Debtor will make payment of post-petition amounts owed of $60,000 prior to the hearing on the Motion which will bring it close to current on post-petition payments and expects to be able to become fully current shortly.

## LEGAL ARGUMENT

### A. The Debtor Can Assume the Lease Pursuant to 11 U.S.C. §365.

Movant asserts that the stay should be lifted because the Debtor cannot assume the lease because it was terminated prior to the Debtor's bankruptcy filing. However, the case law states that the stay applies, and the Debtor can assume the lease in this bankruptcy because the Debtor had rights to reinstate the lease pursuant to New York law. *See e.g. Super Nova 330 LLC v. Gazes,* 693 F.3d 138 (2d Cir. 2012); *In re Payam, Inc.*, 642 B.R. 365 (Bankr. S.D.N.Y. 2022).

The Debtor is not subject to the time limitations of 11 U.S.C. §§ 365 (d) (3) and (4) because the property in question is not residential. *In re Lippman*, 122 B.R. 206 (Bankr. S.D.N.Y. 1990). Accordingly, the stay should not be vacated on the basis of Movant's argument that the lease was terminated.

### B. No Cause Exists to Vacate the Stay Pursuant to 11 U.S.C. § 362(d)(1) or (2).

The Motion seeks relief from stay for cause pursuant to 11 U.S.C §362(d)(1)

which provides for relief from stay for cause, including the lack of adequate protection. There is no dispute that the value of the properties greatly exceeds the debt owed to Movant. Additionally, the Debtor intends to come current shortly on its post-petition obligations under the lease. Therefore, there is no lack of adequate protection to Movant.

The Motion argues that the *Sonnax* factors all favor vacating the stay, however, provides no analysis of the factors or even list what they are. *In re Sonnax Indus.*, 907 F.2d 1280 (2d Cir. 1990). The factors include:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*Id* at 1286.

The Debtor asserts that Movant has not met its burden of establishing cause for vacating the stay on the basis of these factors. Furthermore, the Debtor states that many of the *Sonnax* factors support denying the Motion to vacate the stay. Factors 1,3,4,7,10 and 11 all appear to favor denying the Motion because there is no other pending litigation, and the Bankruptcy Court would be the tribunal with the necessary expertise to settle the dispute without prejudice to any other creditors.

The second *Sonnax* factor supports denying the Motion because the property is necessary to the Debtor's reorganization and its sale would interfere with the bankruptcy case. Factors 5,6,8, and 9 are not applicable. As for the twelfth factor, vacating the stay

3

and selling the Debtor's property would make reorganization impossible for the Debtor.

Finally, the wherefore clause of the Motion references vacating the stay pursuant to 11 U.S.C. § 362(d)(2) which provides for lifting the stay where the Debtor lacks equity or the property is not necessary to the Debtor's reorganization. As stated, the property clearly has significant equity. Additionally, the property is the Debtor's only source of income to fund its reorganization and is therefore necessary to the Debtor's reorganization. As such, there is no cause to grant the relief sought in the Motion under 11 U.S.C. § 362(d)(2).

The Motion seems to be solely intended to pressure the Debtor to sell some of the units. It makes multiple references to the Debtor selling units to pay its debt to Movant. While this may be the most expedient way for Movant to get paid it is not necessarily the best interest of the estate and the Debtor's other creditors, as such the Debtor should be allowed to exercise its business judgment and continue to determine the best way to reorganize its debt.  For all of these reasons, the Movant has not established cause to vacate the stay pursuant to 11 U.S.C. §362(d) and the Motion should be denied.

WHEREFORE, the Debtor respectfully requests that the Court deny the relief sought in the Motion and maintain the automatic stay; and for such other and further relief as the Court deems just and proper.

Dated: Harrison, New York
       August 17, 2023

Respectfully submitted,

BRONSON LAW OFFICES PC

By: /s/*H. Bruce Bronson, Esq.*
       H. Bruce Bronson