BORAH, GOLDSTEIN, ALTSCHULER,
NAHINS & GOIDEL P.C.
Jeffrey C. Chancas, Esq.
377 Broadway, 6th Floor
New York, New York 10013
(212) 965-2663
jchancas@borahgoldstein.com
Counsel to *315 East 56th Owners Corp.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK (MANHATTAN)
-------------------------------------------------------------------X

In re:                                                    Chapter 11

    HIGHPOINT ASSOCIATES XV, LLC,          Case No. 23-10805 (MEW)

                        Debtor.
-------------------------------------------------------------------X

## REPLY IN FURTHER SUPPORT OF LANDLORD'S MOTION, *INTER ALIA*, TO VACATE THE STAY

TO:    HONORABLE MICHAEL E. WILES
          UNITED STATES BANKRUPTCY JUDGE

Landlord's reply in further support of its Motion, *inter alia*, to Vacate the Stay, respectfully alleges, by its attorneys, Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., as follows[1]:

1. As has been discussed at the various Court conferences in this case, Debtor was the holder of shares of the Capital Stock and the Proprietary Lessee of sixteen (16) apartments (the "Leases") in the Building, to wit, apartments 1A, 3A, 5A, 3B, 5B, 6B, 4C, 6C, 6D, 4E, 5F, 2G, 3G, 4G, 5H and 6J (collectively the "Apartments").

---

[1] Defined terms from the Motion are used herein.

2. In its objection to the Motion, Debtor relies on *In re: Lippman, 122 B.R. 206 (Bankruptcy S.D.N.Y. 1990)* for the contention that the Debtor is not subject to the time limitations of *11 U.S.C. § 365(d)(3) and (4)* because the property in question is not residential.

3. However, that case says that the term non-residential refers to a property which is used for commercial, not residential purposes.

4. Thus, in this case, the provisions of Sections 365(d)(3) and (4) would apply since the property is investment property, unless the property is being used residentially, that is "they provide homes for human beings." *Id at 212.*

5. Since the vacant apartments are not being used residentially, the provisions of Sections 365(d)(3) and (4) do apply.

6. In any event, contrary to Debtor's assertion, the Debtor would not have the right to reinstate the leases in the context of a New York State Uniform Commercial Code auction sale.

7. Contrary to the Stipulation in the *Super Nova* case cited by the Debtor, in this case the shares have been canceled and the proprietary leasehold rights are attendant thereto.

8. The present case is not a traditional leasehold situation; the proprietary lessee's right to use or occupy the Apartments is contingent on its shareholder status.

9. As to the promised $60,000.00 payment, that would certainly be welcome.

10. Yet it does not change the Debtor's inability to account for past financial mismanagement or give any indication of Debtor's ability to continue with post-petition obligations and repayment of pre-petition debt of about $750,000.00, without a years' long payout.

11. As stated in the Motion, even if, *arguendo,* this Court determines that Debtor has assumable leasehold interests in the Apartments and equity in the shares, the Court should grant

stay relief to permit Landlord to auction all the shares of Capital Stock and the attendant Proprietary Leases, or at least those relating to the unoccupied Apartments.

12. The *Sonnax Case* was cited for the general proposition that since neither the Code nor the legislative history defines the phrase "for cause," it is a broad and flexible concept that is given application on a case-by-case basis.

13. At this point all the prejudice is to the Landlord.

14. This is not a case in which the Debtor is reorganizing an active business; the Debtor is merely an investor in assets.

15. Sale of some or all of the shares to the Apartments would produce sufficient income to benefit Debtor and Landlord, since Debtor can invest the profits in another asset and Landlord can become financially stable.

16. Finally, as for the Debtor's professed concern for its other creditors, *i.e.*, Debtor's prior counsel and the IRS, neither has filed an objection to the within requested relief; clearly, $2 million would help pay their alleged claims.

17. For these reasons, this Court should vacate the stay to permit the auction sale to proceed.

**WHEREFORE**, Movant requests that the Court grant the Motion in its entirety and grant Landlord such other and further relief as this Court may deem just, proper and equitable under the circumstances.

Dated:   New York, New York
         August 21, 2023

                              Yours, etc.,

                              BORAH, GOLDSTEIN, ALTSCHULER
                              NAHINS & GOIDEL, P.C.
                              Attorneys for *315 East 56th Owners Corp.*

                        By: */s/ Jeffrey C. Chancas*
                              JEFFREY C. CHANCAS
                              377 Broadway
                              New York, New York 10013
                              (212) 431-1300 x611

4