BRONSON LAW OFFICES PC
*Proposed Counsel for the Debtor and Debtor in Posession*
480 Mamaroneck Avenue
Harrison, NY 10528
914-269-2530
hbbronson@bronsonlaw.net
H. Bruce Bronson, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:                                                          Chapter 11

HIGHPOINT ASSOCIATES XV, LLC                Case No.: 22-10805-MEW

                    Debtor.
-----------------------------------------------------------------x

## DEBTOR'S MOTION FOR AN ORDER ALLOWING DEBTOR TO ASSUME ITS LEASES WITH 315 EAST 56TH OWNERS CORP. UNDER BANKRUPTCY CODE SECTION 11 U.S.C. § 365(A)

The above-captioned debtor and debtor in possession (the "Debtor"), by and through the undersigned attorney, hereby files this application (the "Application") for the entry of an order assuming the Leases (as defined below) with 315 East 56th Owners Corp., the co-op corporation owner (the "Board") for the Debtor's 16 co-op properties (the "Property"), under 11 U.S.C. section 365(a), and respectfully represents, as follows:

### I. DEBTOR'S BANKRUPTCY BACKGROUND

1.      On May 21, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No chapter 11 trustee or examiner has been appointed in the Debtor's case.

2.      This case was filed on an emergency basis, due to imminent foreclosure sale by the Board of the Debtor's Property consisting of 16 co-op units.

3.      Since the filing, the Debtor has operated as a debtor-in-possession

pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4.      No official committee of unsecured creditors has been formed. No trustee

or examiner has been appointed.

5.      The deadline for filing proofs of claims in the Debtor's case was set by

order of the Court which established September 4, 2023, as the last day to file regular

claims. Proofs of claim filed by governmental units still have until November 17, 2023.

6.      Only two claims have been filed in this case. The first was the unsecured

claim of the Internal Revenue Services in the amount of $20,800.

7.      The second claim was filed by the Board. According to the Board's proof

of claim the Debtor owed the Board $712,015.09 for pre-petition maintenance charges.

8.      Additionally, the Debtor has one other debt listed on its schedules in the

amount of $5,000 to an attorney.

9.      As to post-petition, the Debtor owed the Board $9,035.34 for the pro-rated

stub period after filing in May. Additionally, it owed $28,009.54 for maintenance and

$4,203.14 assessments for each month from June through September, in the total amount

of $137,886.06.[1]

10.     The Debtor made post-petition payments directly to the Board based on

the numbers provided by counsel for the Board in the amounts of $30,000, $60,000, and

$43,000, in total $133,000. Based on the representations of counsel, it is Debtor's

understanding that it is current with the application of all payments collected by the

---

[1] The Debtor believes the discrepancy in the total amount due and what it has paid post-petition is the application of rent payments that the Board collected directly from tenants and applied to the Debtor's balance.

Board for the maintenance and regular assessment fees except for the Disputed Charge as defined below.

11.     After the Bankruptcy filing, on June 1, 2023, the Board added an additional charge of per unit totaling $16,584 for what it described as a special assessment fee for a "Loan to Cover Highpoint Default" (the "Disputed Charge"). A copy of the Board's ledgers which show the new charges starting on June 1, 2023, is attached as "**Exhibit A**" and a breakdown of each of the charges by unit is as follows:

| | |
|---|---|
| 1A | $1,667.85 |
| 2G | $1,004.27 |
| 3A | $1,010.68 |
| 3B | $1,010.68 |
| 3G | $1,010.68 |
| 4E | $1,000.00 |
| 4C | $ 972.22 |
| 4G | $1,017.09 |
| 5A | $1,023.50 |
| 5B | $1,331.20 |
| 5F | $ 933.76 |
| 5H | $ 965.81 |
| 6B | $1,339.74 |
| 6C | $ 985.04 |
| 6D | $ 666.67 |
| 6J | $ 645.30 |

**Total $16,584.49**

12.     The Debtor disputes this post-petition charge as a violation of the automatic stay of 11 U.S.C. §362 because it is a post-petition action to collect on a pre-petition debt of the Debtor.

13.     With the exception of the Disputed Charge, the Debtor is current with its other post-petition obligations, which primarily consists of the payments to the Board for maintenance pursuant to the applicable proprietary leases (collectively the "Leases").

3

14.    The Debtor has filed a motion at ECF Dkt. No. 41 and is in the process of seeking approval from the Court for "Debtor in Possession" funding in the amount of $1,000,000 which it will use to satisfy all of its creditors and administrative claims which are expected to total approximately $80,000.

15.    The Leases are required to successfully complete the proposed financing and enable the Debtor to pay its obligations and exit Chapter 11.

16.    The proposed financing will enable the Debtor to pay the pre-petition obligation to the Board without any further delay.

### III. STATUS OF CHAPTER 11 CASE AND LEASE OBLIGATIONS

17.    All operating reports have been filed and all obligations required by Chapter 11 have been met.

18.    If the Debtor receives this funding, it is expected that all creditors will be paid in full. Additionally, to the extent the Court determines that the Debtor is delinquent on its post-petition obligation to the Board the Debtor will immediately cure any delinquencies with respect to the Disputed Charge or any other outstanding amounts owed.

19.    The Debtor is current with all other post-petition obligations including those due to the office of the Office of the U.S. Trustee.

### IV. RELIEF REQUESTED

20.    By this Application, the Debtor seeks an order from this Court permitting it to assume the Leases under 11 U.S.C. section 365(a) of the Bankruptcy Code.

21.    The present Application is filed to comply with the deadline set by the order of the Court dated August 22, 2023, which set the deadline for time to assume or reject the Leases as September 28, 2023.

### V. NOTICE AND PRIOR APPLICATIONS

22.    No prior application for the relief requested herein has been made.

23.    Notice of this application has been served upon all creditors and interested parties.

### VI. JURISDICITION AND STATUTORY PREDICATES FOR RELIEF

24.    This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 134 and the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10, 1984 (Ward, Acting C.J.). The statutory predicates for the relief sought herein are Sections 105 and 365 of the Bankruptcy Code, Rules 9006 and 9024 of the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

### VII. THE APPLICATION SHOULD BE GRANTED

25.    The Debtor meets the requirements to assume the Leases for the following reasons:

    a.  The Leases have not expired;

    b.  Debtor is current with its obligations on the Lease;

    c.  The Leases are necessary for Debtor to continue to generate income and obtain financing; and

    d.  The Leases are necessary for Debtor to successfully exit its Chapter 11.

26.      A bankruptcy court reviewing a trustee's or debtor-in-possession's

motion to assume or reject an executory contract will examine the circumstances and

apply the "business judgment test" to determine if it would be beneficial to the estate to

assume it. COR Route 5 Co., LLC v. Penn Traffic Co. (In re Penn Traffic Co.), 524 F.3d

373, 383 (2d Cir. 2008); Sundial Asphalt Co. v. V.P.C. Investors, Corp. (In re Sundial

Asphalt Co.), 147 B.R. 72, 81 (E.D.N.Y. 1992).

27.      The assumption of the Leases will benefit the estate because all of the

Debtor's creditors and administrative claims will be paid in full or reserved for.

28.      Accordingly, for all of the reasons stated herein assumption of the Leases

is a sound exercise of the Debtor's business judgment.

**WHEREFORE,** for the reasons set forth herein, the Debtor respectfully requests

that the Court enter an order, substantially in the form attached hereto and grant such

other and further relief to the Debtor as is just and proper.


Dated: Harrison, NY
        September 28, 2023                       /s/ *H. Bruce Bronson*
                                                    H. Bruce Bronson, Esq.