UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                      :
                                                            :    Chapter 11
HIGHPOINT ASSOCIATES XV, LLC,                               :
                                                            :    Case No.: 23-10805 (MEW)
                        Debtor.                             :
                                                            :
------------------------------------------------------------x

### STIPULATION OF SETTLEMENT BETWEEN DEBTOR AND 315 EAST 56TH OWNERS CORP.

This Stipulation of Settlement ("**Stipulation**") is entered into by and between (i) Highpoint Associates XV, LLC, as Debtor (the "**Debtor**"), in the above-captioned bankruptcy case, and (ii) 315 East 56th Owners Corp.; and

WHEREAS, on May 21, 2023, the Debtor filed a Chapter11 petition in this Court; and

WHEREAS, 315 East 56th Owners Corp. is the Co-op Corporation owner and landlord ("**Landlord**") of real property known as 315 East 56th Street, New York, New York 10022 (the "**Building**"); and

WHEREAS, Debtor is the holder of shares of the Capital Stock and the proprietary lessee of sixteen (16) apartments in the Building, to wit, Apartments 1A, 3A, 5A, 3B, 5B, 6B, 4C 6C, 6D, 4E, 5F, 2G, 3G, 4G, 5H and 6J (collectively the "**Apartments**"); and

WHEREAS, on August 25, 2023, Landlord filed a pre-petition claim (Claim, Docket # 2) for past due maintenance, additional charges and assessments in the amount of $712,015.09; and

WHEREAS, Landlord contends that there is now due and owing through November 30, 2023, a total amount of $553,802.27, plus Landlord's legal fees incurred by Landlord in this bankruptcy case, in an amount to be agreed upon by the parties at the time of Debtor's payment of the amounts owed or to be determined by the Court, based upon the proprietary leases and attendant documents, if any, for the Apartments; and

WHEREAS, Debtor moved to assume the proprietary leases for the Apartments [Doc. #42] (the "**Lease Assumption Motion**"); and

WHEREAS, Debtor agrees to have Landlord sell Apartment 5B and 6B to pay off, to the extent possible, past due pre-petition and post-petition maintenance, additional charges and assessments to the date of closing on these two apartments, so as to be able to cure the proprietary lease defaults; and

WHEREAS, Debtor and the Landlord (collectively, the "**Parties**"), wish to enter into this Stipulation with respect to the sale of Apartments 5B and 6B (the "**Units**") to settle the Lease Assumption Motion and to provide adequate assurance of short-term future performance.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, in consideration of the mutual promises contained in this Stipulation and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, that:

1. This Stipulation is subject to the approval of the Bankruptcy Court. In the event this Stipulation is not approved by the Bankruptcy Court, then: (a) this Stipulation shall be deemed null and void; and (b) the Parties shall be restored to all their respective rights and positions that were extant immediately prior to their entry into this Stipulation.

2. After the execution of this Stipulation by each of the Parties, the Landlord, by its undersigned counsel, shall submit this Stipulation for approval by the Court, which approval may be memorialized by the Court's so ordering of the Stipulation or the Court's entry of a separate Order approving same (in either event, an "**Approval Order**").

3. Upon entry of the Approval Order, this Stipulation shall be binding upon the Parties and their respective heirs, executors, successors and assigns, as well as any subsequently appointed or elected trustee in the Debtor's case (the **"Effective Date"**).

4. Within five (5) days from the Effective Date, Debtor will: (a) furnish Landlord with the rent roll and arrears statement for all of the Apartments; (b) furnish current leases and any lease modifications for the Units; (c) arrange with Landlord's Management Company to have Management inspect the Units; and (d) confirm that the sublessees of the Units are current with the rent or have a balance due which Debtor will specify to the best of Debtor's knowledge.

5. Within ten (10) days from the Effective Date, Debtor will transfer the Stock Certificates and Proprietary Leases for the Units to Landlord solely for the purpose of selling the Units upon the expiration of any subleases and/or vacatur of the Units by any sublessees and occupants, in accordance the terms of this Stipulation **(**the **"Sale")**, and for Landlord to collect the rent from the sublessees. For tax purposes, the initial transfer by Debtor to Landlord shall not constitute a taxable event until the Units are sold to a third party.

6. Within fifteen (15) days of the Effective Date, Debtor will transfer to Landlord any sublessee security deposits and pre-paid rent for the Units.

7. For as long as the Units remain unsold, Debtor will provide Landlord with monthly management reports showing billings and collections and the Debtors use of any collections for the remaining fourteen (14) apartments (the "**Remaining Units**").

8. Until the closing on the Sale, Debtor will continue to pay to Landlord the monthly maintenance, additional charges and assessments for the Remaining Units.

9. From the sale proceeds when the Units are sold, Debtor will deposit with Debtor's bankruptcy counsel an escrow deposit equal to the monthly maintenance charges for One (1) month for the Remaining Units, to be distributed to Landlord in the event that Debtor fails to

pay any monthly maintenance timely. Unless otherwise utilized, this deposit will be returned to Debtor once the bankruptcy is concluded.

10. Any excess rents for the Units collected by Landlord from the sublessees above the maintenance, additional charges and assessments will be held in escrow and used to market the Units, including painting and preparation, as Landlord deems necessary and as is reasonable, without interference by Debtor. Landlord shall provide detailed reports as to expenditure of such funds, and any additional funds will be remitted to Debtor.

11. Landlord will work diligently and expeditiously with a licensed New York State Real Estate Broker ("**Broker**") on the Sale of the Units, which shall be sold at fair market value. Landlord's counsel will give Debtor's counsel four (4) business days' notice prior to the signing of any contract of sale.

12. Landlord will market the Units as soon as possible, in consultation with the Broker.

13 Debtor will cooperate with Landlord in executing any reasonable and normal documents required for the refinancing of the Building's mortgage, provided they do not require personal information from the Debtor's principals.

14. Debtor agrees that the amount due and owing to the Landlord through November 30, 2023, is $553,802.27, plus fees and costs as specified in the proprietary leases and attendant documents, if any, for the Apartments.

15. Upon the closing of the Sale of each Unit, Landlord will pay, in the order set forth and to the extent of the sales proceeds: (i) Landlord for all outstanding amounts owed for maintenance, additional charges, assessments, plus fees and costs as specified in the proprietary leases and attendant documents, if any, for the Apartments; (ii) the costs associated with Debtor's

bankruptcy, including any allowed claims and administrative expenses; and (iii) an amount equal to 20% of the capital gains tax that would be due and owing on the sale of the Units.

16. Debtor will only finance its Remaining Units in accordance with the standard terms allowed by the Landlord for other shareholders.

17. Debtor shall have the right to pay off the full amount owed to Landlord as set forth herein, plus additional charges that are owed as of the date of the pay off, at any time prior to the sale or other disposition of the Units, provided that Landlord has not entered into a binding sales contract for the Units. In such event, Landlord will reverse any transfer of ownership from Debtor to Landlord that may have occurred.

18. Except as otherwise set forth in this Stipulation, this Stipulation is without prejudice to the parties' rights in the Bankruptcy case.

19. Notwithstanding the automatic stay, the Parties are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Stipulation and Order.

20. This Stipulation has been entered into for settlement purposes only and is not admissible in any action or proceeding except: (a) to enforce the express terms and conditions hereof; and/or (b) as evidence of a full settlement and compromise between the Parties with respect to the subject matter of this Stipulation.

21. This Stipulation shall be governed and construed in accordance with the internal laws of the State of New York, without regard to principles of conflicts of laws, except to the extent that provisions of the Bankruptcy Code and/or other provisions of the United States Code are applicable.

22. The Parties agree that this Court shall retain jurisdiction to enforce this Stipulation in accordance with the terms thereof.

23. This Stipulation, together with any other documents referred to herein, constitutes the entire agreement and understanding among the Parties hereto with respect to the subject matter hereof.

24. Other than the representations contained herein, if any, no representations have been made to induce any Party to enter into this Stipulation.

25. This Stipulation supersedes all prior agreements by and between the Parties to this Stipulation, if any, and cannot be amended, supplemented, or modified, nor may any provision hereof be waived, except by a written instrument executed by the Party against whom enforcement of such amendment, supplement, modification, or waiver is sought.

26. The Parties agree to take any and all necessary and reasonable steps, including the signing of documents, to effectuate this Stipulation.

27. The Parties hereto represent and warrant to each other that the signatories to this Stipulation are authorized to execute this Stipulation; that each has power and authority to execute this Stipulation; and that this Stipulation is duly executed and delivered and, subject to the entry of the Approval Order, shall constitute a valid binding agreement upon the Parties in accordance with its terms.

28. All representations, warranties, covenants, and other provisions made by the Parties in this Stipulation shall be deemed to have been relied upon by the Parties hereto and shall survive the execution, performance, and delivery of this Stipulation.

29. All time periods herein shall be computed in accordance with Rule 9006 of the Federal Rules of Bankruptcy Procedure.

30. This Stipulation of Settlement may be signed in counterpart originals and by electronic mail signature, by PDF and/or facsimile signature, all of which shall be deemed to constitute collectively one original executed document.

31. While it is understood that this document will be publicly available on the Bankruptcy Court's electronic file system, the parties hereto will not cause this document to be otherwise published or disseminated, except to the Parties' counsel, accountants, Brokers, other retained professionals, or as required by law or court order.

32. Upon the completion of the terms of this Stipulation, the proprietary leases for the Apartments shall be deemed assumed by the Debtor.

| | |
|---|---|
| Dated: Harrison, New York | Dated: New York, New York |
| December 19, 2023 | December 19, 2023 |
| BRONSON LAW OFFICES P.C.<br>Counsel to Debtor | BORAH, GOLDSTEIN, ALTSCHULER,<br>NAHINS & GOIDEL, P.C.<br>Counsel to Landlord |
| By: /s/   *H. Bruce Bronson*<br>    H. Bruce Bronson<br>    380 Mamaroneck Avenue<br>    Harrison, New York 10528<br>    Tel: (914) 269-2530<br>    Harrison, New York 10528<br>    hbbronson@bronsonlaw.net | By: /s/  *Jeffrey C. Chancas*<br>    Jeffrey C. Chancas<br>    377 Broadway, 6th Floor<br>    New York, New York 10013-3993<br>    Tel: (212) 431-1300, ext. 611<br>    jchancas@borahgoldstein.com |

SO ORDERED:

THIS 26th DAY OF December, 2023.

/s/ **Michael E. Wiles**
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE